BARRY, Judge.
The State seeks relief from the trial court’s preliminary hearing ruling which grants the defendant’s motion to suppress evidence. The ruling is apparently based on a determination that the arresting officer lacked probable cause to chase and detain the defendant prior to seeing crack cocaine in his mouth. The defendant did not comply with this Court’s request for a response to the application. The trial court’s oral reasons merely state “[t]oo thin, gentlemen, too thin.”
On October 19, 1991 Officers Duncan and Davis were patrolling the area of North Derbigny and Mandeville Streets known for drug trafficking. Officer Duncan testified that as they approached the corner they saw the defendant, Terrance Sparks, on the corner with another man. Officer Duncan observed the defendant exchange currency for an object which the defendant had removed from the other man’s right hand. When the two men saw the officers’ marked unit, the defendant placed his left hand to his mouth, the men separated and ran in opposite directions.
Officer Duncan testified that he chased the defendant and eventually grabbed him by the back of his clothes. The defendant turned around and started swinging wildly at the officer. Officer Duncan called Officer Davis to assist and both officers subdued the defendant. When the officers began questioning the defendant, Officer Duncan noticed a white, rock-like object inside the defendant’s mouth. The officers ordered the defendant to remove the object, later identified as crack cocaine, from his mouth. The defendant was advised of his rights and arrested.
The State maintains that the officers had probable cause to stop the defendant and that the crack cocaine was legally seized pursuant to the plain view exception to the warrant requirement.
Under La.C.Cr.P. art. 215.1, a police officer “may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense....”
Recently, in State v. Smith, 573 So.2d 1233 (La.App. 4th Cir.1991), this Court stated that:
Reasonable cause for an investigatory stop is something less than probable cause for arrest and must be determined *935 under the facts of each case. The issue is whether the officers had sufficient knowledge of facts and circumstances to justify an infringement on the individual’s right to be free from government interference. The right to make an investigatory stop must be based upon reasonable cause to believe that the suspect has been, is, or is about to be engaged in criminal activity. The detaining officer must have knowledge of specific, articu-lable facts which reasonably warrant the stop. The totality of the circumstances must be considered in determining whether reasonable cause exists.
Smith, at 1235 (citations omitted).
Based on the facts articulated by Officer Duncan, reasonable suspicion existed to stop the defendant.
Once the defendant was legally detained, the officers saw a white, rock-like object in the defendant’s mouth. The officers logically suspected that the item was crack cocaine because they had witnessed what they believed was a drug transaction, and Officer Duncan saw the defendant place the hand which had retrieved the suspected drugs to his mouth prior to fleeing.
Given those facts, the officers lawfully seized the crack cocaine pursuant to the plain view exception to the warrant requirement. See State v. Hernandez, 410 So.2d 1381, 1383 (La.1982). The trial court erred by granting the motion to suppress evidence.
We grant the State’s writ application, reverse the trial court ruling and remand for further proceedings.
WRIT GRANTED; REVERSED; REMANDED.